UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: RENAE D. BAROS, No. 7-05-19110 ML

Debtor.
_____

EDDIE R. ANDREWS,

    Plaintiff,

v.      Adversary No. 05-1275 M

RENAE D. BAROS,

    Defendant.

## ORDER DENYING MOTION TO REMAND OR IN THE ALTERNATIVE FOR ABSTENTION

THIS MATTER is before the Court on the Motion to Remand or in the Alternative for Abstention ("Motion") filed by the Plaintiff, by and through his attorneys of record, Holt, Babington, Mynatt, P.C. (Damian Martinez). Plaintiff also filed a brief in support of the Motion. The Court held a final hearing on the Motion on June 7, 2006 and took the matter under advisement. For the reasons explained below, the Court will deny the Motion.

BACKGROUND AND PROCEDURAL HISTORY

Defendant, Renae D. Baros, filed a voluntary petition under Chapter 7 of the Bankruptcy Code as Case No. 7-05-19110ML on October 7, 2005. On November 15, 2005, Plaintiff, Eddie Andrews, filed a Motion for Relief from Automatic Stay in Defendant's Chapter 7 bankruptcy proceeding requesting relief from the automatic stay to allow Plaintiff to pursue his Petition for Enforcement of Contempt proceedings pending in the 65th Judicial District Court of El Paso County, Texas in connection with a dissolution of marriage proceeding between Plaintiff and

1

Defendant ("State Court Action"). Plaintiff then initiated this adversary proceeding by filing a complaint objecting to the dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(4), (6), and (15), and objecting to discharge under 11 U.S.C. § 727.[1] The facts underlying the complaint relate to the enforcement of the divorce decree entered in the State Court Action awarding Plaintiff his separate property and ordering Defendant to either turnover the property at issue to Plaintiff or to pay Plaintiff the fair market value of the separate property awarded to Plaintiff under the divorce decree in the amount of $58,390.00. *See* Complaint, ¶ 8. A discharge was entered in Defendant's bankruptcy proceeding on January 31, 2006. No hearing was held on the Motion for Relief from Automatic Stay. The Chapter 7 Trustee has not filed a notice of abandonment of assets in the Defendant's Chapter 7 bankruptcy proceeding. Although the State Court Action was pending when the Defendant filed her bankruptcy proceeding, the State Court Action was not removed to this Court. This adversary proceeding initiated a separate proceeding to determine the dischargeability of a particular debt.

## DISCUSSION

Remand is governed by 28 U.S.C. § 1452(b), which provides in relevant part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452(b).

Thus, because this adversary proceeding was not removed from any court, remand cannot be

---

[1] Though the prayer for relief contained in the Complaint contained a request for denial of the Defendant's discharge pursuant to 11 U.S.C. § 727, none of the allegations in the body of the Complaint appear to state a cause of action for denial of the Defendant's discharge under 11 U.S.C. § 727. Counsel for Plaintiff confirmed at the final hearing on the Motion that Plaintiff only seeks a determination of non-dischargeability as to the debt to Plaintiff and is not seeking a denial of the Defendant's discharge.

2

granted. Abstention is governed by 28 U.S.C. § 1334(c), which provides:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or relating to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(1) and (2).

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas 28 U.S.C. § 1334(c)(1) allows for permissive abstention from core matter when abstention best serves the interest of justice, judicial economy, or respect for state law. *See In re Premier Hotel Development Group,* 270 B.R. 243, 250 (Bankr.E.D.Tenn. 2001) ("Mandatory abstention does not apply to core proceedings . . ."). "Core" proceedings are proceedings which involve rights created by bankruptcy law, or which would only arise within a bankruptcy proceeding. *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted); 28 U.S.C. § 157(2)(A)-(O) (listing types of matters included within core proceedings). "Non-core" proceedings do not invoke substantive rights created by bankruptcy law and can exist independent from the bankruptcy. *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987).

Plaintiff asserts that because this adversary proceeding necessarily implicates state law due to the underlying property division issues related to the State Court Action, this matter is a non-core matter subject to the mandatory abstention statute. This Court disagrees. The ultimate

3

purpose of this adversary proceeding is the determination of the dischargeability of a particular debt under 11 U.S.C. § 523(a)(4), (a)(6) and/or (a)(15). Actions to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(4) and (a)(6) fall within the exclusive jurisdiction of the Bankruptcy Court. *In re McKendry,* 40 F.3d 331, 335 (10th Cir. 1994)("among the dischargeability determinations delgated exclusively to the bankruptcy courts are those arising under § 523(a)(2) . . . as well as those arising under §§ 523(a)(4) and (6).") (citations omitted). Thus, because the complaint invokes a substantive rights created by the Bankruptcy Code, it falls within the Court's core jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts). Such matters are not subject to the mandatory abstention statute. *See In re Krug,* 172 B.R. 79, 82 (Bankr.D.Kan. 1994) (noting that an adversary proceeding must be non-core for application of the mandatory abstention statute, and finding that because the adversary proceeding was core, mandatory abstention was not required).

Even though the determination of the amount of the debt necessarily implicates state law, the matter at issue in the State Court Action is an action to enforce the provisions of the divorce decree; therefore, its purpose is not to divide property between the former spouses, but rather to enforce an existing agreement between the parties. *Cf. In re Mills,* 163 B.R. 198, 202 (Bankr.D.Kan. 1994) (noting that in the parties in that case were already divorced as of the time of the adversary proceeding and their property awards ordered by the divorce court, and declining to exercise the court's discretionary power to abstain from adversary proceeding to determine dischargeability under 11 U.S.C. § 523(a)(5)); *In re Baker,* 195 B.R. 883, 885 (Bankr.S.D.Ohio 1996) (noting that because the state court had already made its determination as

4

to the parties' property interests by adopting the settlement agreement in the divorce proceeding, no unsettled property issues remained). This facet of the adversary proceeding is properly characterized as non-core, since it can, and did, exist independent from the Defendant's bankruptcy proceeding. Nevertheless, because the overall purpose of the adversary proceeding is to determine whether the debt at issue is dischargable, and because the non-core issues incident to this adversary proceeding can be tried concurrently with the dischargeability issues, the Court finds that whether abstention is appropriate should be determined based on the permissive abstention statute. *See In re CRD Sales and Leasing, Inc.,* 231 B.R. 214, 218 (Bankr.D.Vt. 1999) (noting that core proceedings that are founded on rights that could not exist independent of the bankruptcy code, may out of necessity involve peripheral state law issues) (quoting *Unsecured Creditors Committee v. Noyes (In re STN Enterprises),* 73 B.R. 470, 478 (Bankr.D.Vt. 1987) (quoting *Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 173-174 (Bankr.E.D.N.Y. 1986)).

The following factors are relevant to the consideration of permissive abstention under 28 U.S.C. § 1334(c)(1):

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Schempp Real Estate, LLC,* 303 B.R. 866, 876 (Bankr.D.Colo. 2003) (quoting *In re*

*Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir. 1990) (citing *In re Republic Reader's Serv., Inc.,* 81 B.R. 422, 4429 (Bankr.S.D.Tex. 1987)) (remaining citations omitted).

In viewing this adversary in light of the above factors, the Court finds that permissive abstention is not warranted. Core dischargeability issues predominate over state law issues. Enforcement of a divorce decree does not involve unsettled questions involving state law.

Plaintiff asserts that judicial economy will best be served by allowing the Texas state court proceed with the State Court Action. A final hearing on Plaintiff's enforcement motion was scheduled in the State Court Action just prior to the Defendant's filing of her bankruptcy petition. Plaintiff argues further that the Texas court is familiar with the history of the dissolution proceedings and can make a determination as to the property matters applying Texas state law. However, "the mere fact that the proceeding arose out of a domestic relations matter is an insufficient basis for [the] court to invoke the exceptional remedy of abstention." *Baker,* 195 B.R. at 885.

The discharge has already been entered in Defendant's bankruptcy proceeding, although the Chapter 7 Trustee has not filed a notice of abandonment of assets. If Plaintiff were to obtain an abandonment from the Chapter 7 Trustee of the property that is the subject of the State Court Action, the automatic stay would no longer be in effect, and Plaintiff could proceed in the State Court Action before returning to this Court to adjudicate the dischargeability of the debt. *See* 11 U.S.C. § 362(c)).[2] *See also, In re Cruseturner,* 8 B.R. 581, 592 (Bankr.Utah 1981) (noting that

---

[2]That section provides, in relevant part:
    (c) Except as provided in subsections (d), (e), and (f) of this section --
        (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
        (2) the stay of any other act under subsection (a) of this section continues

"[u]nless earlier relief is requested by the creditor, the creditor may not repossess property, despite any abandonment by the trustee, until one of the three acts specified in Section 362(c)(2) occurs, the first of which, in this jurisdiction, is likely to be the discharge hearing."). On the other hand, if this Court first determines that the debt is dischargeable, it would become unnecessary for the Plaintiff to proceed with the State Court Action. A third alternative, and the one the Court finds will best serve judicial economy, would be for this Court to adjudicate both the nature of the debt (dischargeability) and the amount of the debt as part of this adversary proceeding.

In sum, because dischargeability issues raised under 11 U.S.C. § 523(a)(4) and (a)(6) remain the heart of this adversary proceeding and fall within this Court's exclusive jurisdiction, the Court concludes that abstention is inappropriate. *See Beardslee v. Beardslee (In re Beardslee),* 209 B.R. 1004, 1009 (Bankr.D.Kan. 1997) (noting that "[b]ankruptcy courts do have exclusive jurisdiction to determine dischargeability of claims under § 523(a)(2), (4), and (6).").

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

                 until the earliest of --
   . . . .
                 (c) if the case is a case under chapter 7 of this title concerning an
                 individual or a case under chapter 9, 11, 12, or 13 of this title, the
                 time a discharge is granted or denied.
11 U.S.C. § 362(c).

COPY TO:

Damian L. Martinez
Attorney for Plaintiff
PO Box 2699
Las Cruces, NM 88004

R. Trey Arvizu, III
Attorney for Defendant
PO Box 1479
Las Cruces, NM 88004-1479